W. W. Busby *v.* James Rhodes et al.

1. **Will.**   *Construction thereof.   Limitation of estate.   Termination upon contingency.   Case in judgment.*

   C. died in 1862, leaving a last will and testament containing this provision : "I give and bequeath to my wife M., for and during her natural life or widowhood, all my personal and real estate, of whatever kind or description, which may be remaining after the payment of my debts; and at the death or marriage of M., to my daughter E.; and should E. die during her minority, or without issue, and after the death or marriage of M., then to R. and the children of S." M., the widow, died in 1867, without having married. E., the daughter, married B., and died in 1878, without issue living. *Held*, in an action of ejectment by R. and the children of S. against B., that the estate given to E. was a fee-simple, commencing after the termination of the precedent estate of the widow, and defeasible on the contingency of E.'s death, after the death or marriage of the widow, without issue living. Code 1857, art. 2, p. 306 ; art. 8, p. 307.

2. **Same.**   *Limitation over.   Executory devise.   Contingency.*

   The above recited provision of C.'s will contains a devise to E. of an estate in fee-simple, but determinable, with a limitation over dependent upon the expiration of less than three lives in being, and upon the dying of the holder of the precedent estate without issue living at the time of her death. This ulterior limita-

tion by way of executory devise is good; and as the facts stated show that the contingency upon which it was to take effect has happened, the estate has vested in the remainder-men, R. and the children of S.

ERROR to the Circuit Court of De Soto County.

Hon. SAMUEL POWELL, Judge.

The case is sufficiently stated in the opinion of the court.

*Shands & Johnson*, for the plaintiff in error.

1. Evelina took under the will what would be under the English statute " *de donis conditionalibus* "— an estate in fee tail. 2 Bla. Comm. 111, 112. If the donee of such estate die without heirs surviving, the estate determines and the property reverts to the donor. 1 Washb. on Real Prop. 72. By devise, an estate tail may be created by implication, though the words necessary in a deed be not used. 2 Bla. Com. 115 ; 1 Washb. on Real Prop. 72, 77 ; 15 Pick. 112 ; 3 Geo. 602. If we add after the language of the will, " die without issue," the words supplied by the Code of 1857, p. 307, art. 8, " living at the time of her death," it will not affect the estate given to Evelina. The limitation over after the estate tail is a contingent remainder to take effect upon the termination of the estate tail, provided it terminates at the death of the first taker. 3 Geo. 602–607 ; 7 R. I. 515. Such limitation is not an executory devise. 15 Pick. 104. Art. 2, on page 306, of the Code of 1857 does not arbitrarily construe every estate to be " a fee-simple, if a less estate be not limited by express words ; " but when it clearly appears from the conveyance or will that a less estate was intended, that construction is permitted. The words of the will in this case— " all my personal and real estate of whatever kind or description"— have no reference to the title, but are descriptive of the *corpus* of the property ; while in the case of *Sims* v. *Conger*, 10 Geo. 231, the word " estate," as there used, refers to the title.

2. One of the incidents of an estate tail was that, at the will of the tenant, it could be converted into a fee-simple by fine and recovery, which also defeated any remainder or other

estate limited upon the estate tail.   1 Washb. on Real Prop.
71.   By art. 3, on page 307, of the Code of 1857, estates in
fee-tail were prohibited, and any attempt to create the same
was made to result in a fee-simple estate.   This statute was
held to be " quite as comprehensive as the common recovery."
*Jordan* v. *Roach*, 3 Geo. 602.

3.  But it is urged that the limitation over to the defendants
in error is saved by the proviso to art. 3, on page 307, of the
Code of 1857.   The object of this statute being to abolish
estates in tail, if the proviso be construed literally, allowing a
remainder-man to take an estate tail, it is repugnant to the
main provision.   Such is not the proper construction.   3 Geo.
619.   The only meaning that can be given this statute, to har-
monize all its parts, is that there can be no estate tail in Mis-
sissippi, — not even " to a succession of donors then living, not
exceeding two," — and that any estate which would otherwise
be a fee-tail is converted into a fee-simple, and any remainder
or reversion thereafter is barred.

4.  Even if a limitation over could be made after the estate
to Evelina, the devise to the defendants in error is not within
the terms of the proviso referred to, because the property is
given to two donees before them, and they are not the heirs
of the body of Evelina, nor the right heirs of the donor.

*T. W. White*, for the defendants in error.

There are two points of law involved in this case which I
will present on behalf of the defendants in error : —

1.  A testator may devise his land to a succession of donees
then living, not exceeding two, and to the heirs of the remain-
der-man, and in default thereof to the right heirs or devisees
of the donor.   Rev. Code 1837, art. 3, p. 307.

2.  By the will of C. A. Blackman, his daughter Evelina,
the deceased wife of W. W. Busby, plaintiff in error, took,
after the death of his wife, a fee-simple in his lands, but deter-
minable in the event of her dying without issue living at
her death, and in that event the lands became the property of

James Rhodes and the children of Sally Smith, the defendants in error. *Sims* v. *Conger*, 10 Geo. 313.

GEORGE, J., delivered the opinion of the court.

This is an action of ejectment submitted to the judge of the Circuit Court upon an agreement as to the facts, which were as follows : One C. A. Blackman was the owner in fee-simple of the *locus in quo*, and died in 1862, having first made a will, which was duly probated, the first clause of which is as follows : " I give and bequeath to my wife, Mickey W., for and during her natural life or widowhood, all my personal and real estate, of whatever kind or description, I am now seized or possessed [ of ], and which may be remaining after the payment of my just debts ; and at the death or marriage of my wife, Mickey W., to my daughter Evelina V. ; and should my daughter Evelina V. die during her minority or without issue, and after the death or marriage of my wife, Mickey W., then to James Rhodes and the children of Sallie Smith — James Rhodes one half and the children the other." The widow died in 1867, without having married. Evelina survived her, and intermarried with W. W. Busby, the defendant. Of the marriage a child was born, who died before Evelina ; and after the death of the child, and in 1878, Evelina died without issue. The plaintiffs were the ulterior limitees mentioned in the will, and the *locus in quo* was a part of the estate of Blackman.

The circuit judge gave judgment for the plaintiffs.

The estate given to Evelina was a fee-simple, commencing after the termination of the precedent estate of the widow and defeasible on the contingency named in the will, to wit, the dying of Evelina, after the death or marriage of the widow, without issue living at the time of her death. This results from the provisions of the statutes then and now in force. By art. 2, page 306, of the Code of 1857, every devise of an estate shall be construed as a fee-simple if a less estate be not

limited by express words.   Hence the devise to Evelina was a fee without any words of inheritance.   Being a fee-simple, it was made by the limitation over, on the contingency of her dying without issue, a base or determinable fee.   By art. 8, page 307, of the Code of 1857, the contingent limitation in the will to the plaintiffs, made to depend upon the dying of Evelina without issue, is to be construed exactly as if the words " living at the time of her death " were inserted.   We thus have a devise of an estate with a limitation over dependent upon the expiration of less than three lives in being and upon the dying of the holder of the particular estate without issue living at her death.   This limitation by way of executory devise is by all the authorities held to be good ; and as the event has happened on which the ulterior limitation was to take effect, the estate has vested in the remainder-men, and they are entitled to recover.

The judgment, being in accordance with this view, is affirmed.