Armstrong et al. *v.* Thomas et al.

[72 South. 1006.]

1. Wills. *Estates created. Executory devise. Remainders. Supervisor.*

Where a testator by will devised lands to four daughters, with the provision that if any of them died without issue or bodily heirs, her part should go to the surviving sisters or sister, declaring an intention that the daughters should share and share alike, in such case each of the four daughters took a fee, defeasible upon their deaths without issue, leaving one or more of the other devisees surviving them; the limitation over upon the death of each without issue to the survivor or survivors being a valid executory devise.

2. Same.

In such case where three of the sisters had acquired the interest of the fourth, on the death of one of the three a one-third interest in her share of the estate shifted to and become vested in a surviving sister in fee absolute, there being nothing in the will to indicate that she should take it with the limitation over to which her original share was subject.

3. Wills. *Estates created. Executory devise. Survivors.*

Where a testator devised lands to his four daughters in fee, defeasible upon the death of any one without issue leaving one or more of the other daughters surviving her, so that the limitation over to the survivor or survivors was a valid executory devise, the deaths of two of the sisters leaving children surviving them terminated their contingent interest in the limitation over and the fee in the surviving sister became absolute and so children of prior deceased sisters took nothing; the word "survivor" meaning one who outlives others and must be given this meaning in devises of this character in the absence of words indicating that such was not the testator's intention.

Appeal from the chancery court of Monroe county.

Hon. T. L. Lamb, Chancellor.

Bill by J. W. Thomas and others against F. Marion Armstrong and others for the cancellation of defendant's claim to land and for the partition thereof. From a decree overruling a demurrer to the bill, defendants appeal.

The facts are fully stated in the opinion of the court.

*D. W. Houston, Sr. & Jr.,* for appellant.

*W. H. Clifton,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree overruling a demurrer to a bill praying for the cancellation of appellants' claim to the land here in controversy and for the partition thereof among appellees as sole owners. The bill, among other things, alleged that Drury Armstrong devised certain lands, embracing that here in controversy, to his four daughters, Jane, Cinderella, Rosaline, and Drury Ann, all of whom survived him. The will provided that:

"Should any of my four daughters die without issue or bodily heirs their portion herein named shall descend to their surviving sisters or sister, and in the distribution of what I have given to my daughters I intend them to be equal respectively to share and share alike."

A part of the land devised was situated in Monroe and a part in Pontotoc county. In 1885 a partial partition of the land in Monroe county was made by the sisters Jane, Rosaline, and Drury Ann, conveying to Cinderella a portion thereof to be held by her in severalty, and she conveying to Jane, Rosaline, and Drury Ann her interest in the remaining portion thereof. In 1887 Drury Ann died without issue, leaving Jane, Cinderella, and Rosaline surviving her, who, after her death, made an oral partition among themselves of Drury Ann's share in the lands in Monroe county that had been released to them by Cinderella in the first partition by which sixty-eight acres thereof were set apart to Cinderella.

Afterwards Jane, Cinderella, and Rosaline sold and conveyed the lands in Pontotoc county and divided the proceeds thereof among themselves. Jane became the wife of J. W. Thomas and died in 1894, leaving

her husband and three children surviving her. Cin-
derella became the wife of John A. Nabors, and died
in 1912, leaving a daughter surviving her. Rosaline
died intestate in 1913 without issue.

Part of the money received by Rosaline from the
sale of the Pontotoc county land was deposited in
bank and a part loaned at interest; she at the time
of her death holding a certificate of deposit and a note
therefor. Appellees, who are complainants in the
court below, are the husband and children of Jane
and the daughter of Cinderella. Appellants, defend-
ants in the court below, as we understand the alle-
gations of the bill, are heirs at law of Rosaline, and
it seems, though it is not clear from the bill, that they to-
gether with the children of Jane and Cinderella con-
stitute all of her heirs. The bill alleged that upon
the death of Rosaline the children of Jane and Cin-
derella became the owners in fee of Rosaline's in-
terest in the land here in question by virtue of the
limitation over on her death without issue contained
in the will of her father as hereinbefore set out, and
prayed that the claim of appellants thereto as her
heirs at law be cancelled as a cloud upon their title.
The bill also prayed certain relief with reference to
to Rosaline's personal estate.

As we understand the allegations of the bill no
attack is made upon the three partitions hereinbefore
set out of the property devised, but that on the con-
trary it proceeds upon the theory that these par-
titions are valid, and that the land to which the limita-
tion over upon the death of Rosaline attaches is that
set apart to her by these partitions, consequently no
question relative thereto is presented to us by this
record.

Under the will each if these four devisees took a
fee defeasible upon their deaths without issue, leaving
one or more of the other devisees surviving them; the
limitation over upon the death of each without issue

to the survivor or survivors being a valid executory devise. *Busby* v. *Rhodes,* 58 Miss. 237; *Halsey* v. *Gee,* 79 Miss. 193, 30 So. 604; *Ball* v. *Phelan,* 94 Miss. 293, 49 So. 956, 23 L. R. A. (N. S.) 895; sections 2764 and 2778, Code of 1906. So that upon the death of Drury Ann a one-third interest in her share of the estate shifted to and became vested in Rosaline in fee simple absolute; there being nothing in the will to indicate that she should take it with the limitation over to which her original share was subject. 1 Underhill on the Law of Wills, sec. 352; 40 Cyc. 1513; 30 Am. & Eng. Encl. of Law (2d Ed.), 810.

The limitation over upon the death of Rosaline of the share devised direct to her in the first instance was to take effect upon the happening of two events: First, her death without issue; and, second, leaving one or more of the original devisees, that is, Jane, Cinderella, or Drury Ann, surviving her. Their deaths prior to hers made impossible the happening of the second of these events, thereby destroying the limitation over with the result that the fee in Rosaline became thereby absolute and indefeasible. *Halsey* v. *Gee,* 79 Miss. 193, 30 So. 604; 24 Am. & Eng. Encl. of Law (2d Ed.), 454. That two of these devisees, Jane and Cinderella, left children surviving them is in this connection immaterial, for upon their deaths prior to that of Rosaline their contingent interest in the limitation over upon Rosaline's death terminated and therefore did not descend to their children. The word "survivor" means one who outlives others and must be given this meaning in devises of this character in the absence of words indicating that such was not the testator's intention. Underhill on the Law of Wills, vol. 1, section 351; 30 Am. & Eng. Encl. of Law (2d Ed.), 810; *Reber* v. *Dowling,* 65 Miss. 259, 3 So. 654, 7 Am. St. Rep. 651; *Den* v. *Schenck,* 8 N. J. Law, 29; *Anderson* v. *Brown,* 84 Md. 261, 35 Atl. 937; *Sullivan*

v. *Garesche*, 229 Mo. 496, 129 S. W. 949, 49 L. R. A. (N. S.) 605.

It follows from the foregoing views that the appellants have an interest in the property here in controversy as heirs at law of Rosaline, and that the court erred in overruling the demurrer.

*Reversed and remanded.*