## Nuckols, et al. v. Davis, et al.

(Decided May 18, 1920.)

### Appeal from Woodford Circuit Court.

1. Deeds—Construction of—Reservation of Remainder to Heirs of Grantor.—When a grantor conveys land to a grantee for life, "with remainder to the heirs of the grantor," the grantor may, during the term of the life tenant, convey the fee in remainder, and if he dies during the life tenancy, his heirs or devisees who take the estate in remainder from him may likewise convey the fee.

2. Deeds—Deed of Commissioner—Approval of by Court.—Under section 398, of the Civil Code, which provides that a conveyance by the commissioner shall be examined and approved by the court, it is not essential that the approval shall be endorsed on the deed, if there is an order of the court signed by the judge reciting that the deed has been examined and approved.

McLEOD & NUCKOLS for appellants.

H. E. ROSS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Affirming.

The question in this case is could the appellees, Anna Davis, and others, convey the fee simple title to the appellants, Nuckols, and others? The controversy comes

up over the refusal of Nuckols to accept a deed tendered him by the Davises, by which they undertook to convey to him a tract of land in Woodford county, pursuant to a contract in which they obligated themselves to convey the property in fee simple.

In 1873, James W. Davis conveyed to his wife, Anna Davis, for life, "with remainder to his heirs," his undivided interest in a tract of land in which he had a remainder in fee, subject to the life estate of his mother, America Davis,.

After the death of America Davis and in 1875, this dower land was divided, and there was conveyed to Anna Davis, for life with remainder to the heirs of James W. Davis, that portion which James W. Davis was entitled to. Some years after this, Anna Davis obtained a divorce from her husband, James W. Davis.

In 1906, James W. Davis died intestate, leaving as his only heirs at law Samuel Davis, the son of his first wife, and Molloy Davis and Mrs. Valentine, children of his second marriage. After the death of James W. Davis, his son, Samuel Davis, conveyed his undivided interest in this land to his wife, Olga Davis, and soon afterwards died.

After this, Anna Davis, the widow of James W. Davis, Olga Davis, the widow and vendee of Samuel Davis, together with Molloy Davis, Mrs. Valentine and her husband, sold this land to Nuckols.

It will be observed that when the deed was tendered, Anna Davis, the widow of James W. Davis, was living, and the principal question in this case is, could she and the other grantors, who were, at the time the deed was tendered, the only heirs at law of James W. Davis, convey the fee simple title in this land?

The objection urged to the deed is that as the conveyance by James W. Davis to his wife, Anna Davis, gave her a life estate, "with remainder to his heirs," it could not be determined until her death who his heirs at that time would be, and, therefore, the deed now tendered by his present heirs, who might not be living at the death of Anna Davis, did not pass a good title.

This precise question was before this court in the case of Prior v. Castleman, 9 Ky. Law Rep. 967; and Mays v. Kuykendall, 112 S. W. 673, and it was held in these cases that under a conveyance, such as James W. Davis made to his wife, Anna, the grantor retained the

fee in the land and could convey or devise it to any person he pleased during the term of the life tenant.

It follows from these authorities that as James W. Davis might, during the life of his wife, Anna, have conveyed the fee, so could his heirs at law, to whom his title and interest passed by his death, convey a good title during the life tenancy, because upon his death they became invested with exactly the same title and right to sell and convey that he had during his life.

It is next contended that the description in the deed from Samuel Davis to his wife, Olga Davis, was so inadequate and insufficient as not to pass the title and interest of Samuel Davis in the land. We have examined carefully the description of the land contained in this deed, and find that it is amply sufficient to convey all the right, title and interest that Samuel Davis had in the land.

Another contention is that the commissioner's deed made to Anna Davis, when the dower lands of America Davis were divided by order of court, did not pass the title to Anna Davis, because the deed was not signed or approved by the the judge of the court in which the partition proceedings were pending.

Section 398, of the Civil Code, provides that "a conveyance by the commissioner shall not pass any right until it has been examined and approved by the court, which approval shall be endorsed on the conveyance and recorded with it," and it has been held that the approval of the court is essential to the validity of the deed.

The failure, however, of the court to sign the deed itself, or approve it by a minute made on the deed, will not invalidiate it if there is an order of court signed by the judge showing that the deed was examined and approved by the court, and there is such an order in this case. Ky. Coal Lands Company v. Smith, 149 Ky. 794.

There is a suggestion that the notary public's certificate of the acknowledgment of Anna Davis and Olga Davis to the deed tendered to Nuckols is insufficient, but we find no merit in this suggestion, as the notary's certificate shows a substantial compliance with the statute.

The judgment is affirmed.