WEST TENNESSEE CO. v. TOWNES et al.

No. 142.

District Court, N. D. Mississippi, Delta Division. Aug. 31, 1931.

and contiguous lands, in Mississippi, to have and to hold upon certain conditions, restrictions, and limitations, which are set forth in these words:

"That upon the death of either said premises shall descend to the other, and upon the death of the other, said premises shall descend to the heirs of the bodies of the said parties of the second part, and in default of such heirs to descend to the right heirs of the donors; that said premises shall not be encumbered by said parties, or either of them, and that said premises shall not be liable in any manner whatever for the debts of the said parties of the second part, or either of them, but said second parties may sell and convey said premises, provided the proceeds be invested in real estate to be held by said second parties upon the same conditions, restrictions, and limitations that said premises by this deed conveyed are held."

In 1888 the same grantors, for the same consideration, executed a deed conveying the identical lands in fee simple to the same grantees as joint tenants. Soon after the execution of the first deed and before the second one, the grantees went into possession of the land and remained there continuously until evicted in June, 1929, by virtue of a decree in a foreclosure proceeding against E. M. Townes and his wife, in the chancery court of Tallahatchie county, Miss., predicated upon a deed of trust which had been given by them to secure money borrowed.

This suit is by the vendee of the purchaser at the foreclosure sale. The defendants are all of the heirs at law of J. A. Townes and wife, who died in April, 1914, and June, 1915, respectively, and also the two grantees, E. M. Townes and wife, who have been permitted to intervene as defendants, the intervening defendants claiming a beneficial interest in the property during their own lives, and the original defendants, that is, the heirs of J. A. Townes and wife, claiming as purchasers, under the deed of 1882, the remainder in fee after the death, without issue, of the intervening defendants, which is now certain to occur, it being agreed that E. M. Townes is 77, and his wife 67, years of age, and that the possibility of issue to them is now extinct.

Roberson & Cook, of Clarksdale, Miss., and Holmes, Canale, Loch & Glankler, of Memphis, Tenn., for plaintiff.

Gardner, Odom & Gardner, of Greenwood, Miss., for defendants and interveners.

HOLMES, District Judge.

In consideration of love and affection, James A. Townes and wife, Emma, by deed of gift made in 1882, conveyed to Edward M. Townes and his wife, Lida, a certain plantation, known as the Coopwood place,

The plaintiff, who is in possession under a deed from the purchaser at the foreclosure sale, seeks an adjudication that it is vested with a fee-simple title to said lands, and that all right, title, and claim of the defend-

766

ants, and each of them, be canceled and held for naught. To defeat any relief to the plaintiff, the defendants put forth two principal legal propositions, the correct solution of which involves the construction of the deed of 1882, and will practically determine the rights of all parties by making other questions in the record easy to decide.

They contend, first, that the deed of trust given by the intervening defendants, grantees in the two deeds, were void because of the provision in the deed of 1882 that the premises should not be incumbered or liable in any manner for the debts of the first takers; that an estate in the nature of a spendthrift trust was thereby created, which a court of equity will preserve for the benefit of improvident persons who were the objects of solicitude to their relatives. Second, they say that the heirs of J. A. Townes and wife took by purchase a contingent ultimate remainder in fee, under the deed of 1882, and that there was no reversionary interest in the grantors at the date of the execution of the deed of 1888; and that the latter deed and all subsequent conveyances under it were void as to them who had and will have no right of entry until the death of the life tenants without issue, which admittedly has not, but certainly will, take place in a very short time in the natural course of events. Both propositions are regarded as unsound.

■ Spendthrift trusts are recognized in Mississippi, as shown by the case of Leigh v. Harrison, 69 Miss. 923, 11 So. 604, 18 L. R. A. 49. Such a trust may be so created that neither the trustee nor the cestui que trust, his creditors or assigns, can divest the property from the appointed purpose. Perry on Trusts and Trustees (7th Ed.) vol. 1, § 386, p. 649.

■ Among other requisites in order to have such a trust, the legal title must be vested in a trustee, the trust must be an active one, and the gift to the donee must be only of the income. He must take no estate whatever, have nothing to alienate, no beneficial interest in the land, no right to possession, but only an equitable right to support, an equitable interest only in the income. Kessner v. Phillips, 189 Mo. 515, 88 S. W. 66, 107 Am. St. Rep. 368, 3 Ann. Cas. 1005; Perry on Trusts, supra, p. 651, note 93; Leigh v. Harrison, 69 Miss. 923, 11 So. 604, 18 L. R. A. 49.

■ A perusal of the deed under consideration will disclose, not only that it has none of the requisites, or features, of a spend-

thrift trust, but that it is altogether lacking in the structural organism of such an instrument. On the other hand, it contains a provision absolutely restraining the alienation of a legal estate and seeking to put it beyond the reach of creditors. There is no limitation over or reversion in case of an attempted alienation, but only a provision that the life tenants shall not alienate and that creditors cannot get hold of it. The restriction is void, as the right to convey and liability for debts are incidents of property. Gray's Restraints on Alienation, § 134; Thompson on Real Property, vol. 3, § 2010.

■ Simply because the donor might have accomplished his apparent purpose in a legal way, either by a spendthrift trust or a reversionary clause, is not sufficient justification for the court to rewrite an instrument conveying a legal estate, which contains a void provision restraining alienation, and convert it into one creating an equitable estate for the benefit of a spendthrift which is protected from his folly.

In Crawford v. Solomon, 131 Miss. 792, page 801, 95 So. 686, 687, relied upon by defendants, the court says that "it is competent for a person making a will to limit the right of alienation during the period," provided for under the two donee statute. The language must be limited to the matter before the court for decision, which was a bill against minor defendants who had been left an estate by the will of their father. It prayed that the will be construed and a sale authorized. There was no question before the court as to the power of the adult heirs to sell their several interests in the property, but, if there had been, it is likely that, during the life of the mother, the case on the facts came within the doctrine of Leigh v. Harrison, supra.

Upon the second proposition, that there was no contingent reversion in fee in the grantors under the deed of 1882, but that their general heirs had an ultimate contingent remainder dependent upon the death of the life tenants without issue, defendants cite four sections of the Mississippi Code of 1880, §§ 1189, 1190, 1201, and 1203, and specifically rely, with much confidence, upon certain Mississippi decisions, which, after construing the deed, I shall briefly advert to because of counsel's insistence that they sustain his position.

■ In the outset, the deed of 1882 violates no rule against perpetuities, and, except as to the provision restraining alienation and exempting from liability for debts, is a valid

conveyance, strictly within the purview of the Mississippi statutes. It is a grant or donation of a life estate in lands to E. M. Townes and wife, as joint tenants, with the right of survivorship. It should be construed strictly, lest the donors be presumed to have given more than is expressed in the donation. 2 Bla. 108. It has contingent cross-remainders in favor of the survivor, which constitute each of the grantees a donee in the conveyance. There is a conditional remainder in fee to the heirs of the bodies of the grantees, who would take as purchasers under said section 1201, Code 1880. Finally, the grant implies a contingent ultimate reversion in the grantors during their lives, and, after their deaths, expressly limits a contingent ultimate remainder to the right heirs of the donors, in default of heirs of the bodies of the grantees.

The remainder to the heirs of the body of the donee, "was called a conditional fee, by reason of the condition expressed or implied in the donation of it, that if the donee died without such particular heirs, the land should revert to the donor. For this was a condition annexed by law to all grants whatsoever; that, on failure of the heirs specified in the grant, the grant should be at an end, and the land return to its ancient proprietor." 2 Bla. Com. 110.

■ These several estates in possession and expectancy, vested and contingent, were all carved out of one estate in fee simple, which, at the time of the conveyance, was abiding in the grantors, and, unless wholly disposed of, remained in them to the extent of the residue. On the date of the deed the contingent ultimate reversion remained in the grantors. The defendants' contention that it then vested in them in expectancy as the right heirs of the donors is answered by the fact that the donors were still living. Le gout v. Price, 318 Ill. 425, 149 N. E. 427. The instrument uses the generic term "right heirs," and employs no descriptive words designating any particular individuals in that class. The words "right heirs," as so used, have a fixed legal signification, and, being used without any superadded words or phrases, indicating a different meaning, must be taken to have been intended according to their legal acceptation. Therefore they should not be understood as descriptive of particular persons, who were intended to take as individuals, but as designating the general or entire class of persons upon whom the law casts the estate in lands, tenements, or hereditaments immediately upon the death of the ancestor. They are used to designate those persons who answer the description at the death of the ancestor. They are words of limitation and not of purchase. Harris v. McLaran, 30 Miss. 533, 572; 2 Bla. Com. 243.

Unless there are descriptive words to point out the individuals who are to take as contingent ultimate limitees under our two donee statute (section 1190, Code of 1880), right heirs take by descent and not by purchase. It is true in a will because the act of the law is stronger than that of any man, and in a deed because the ancestor, during life, beareth in himself all his heirs (2 Bla. 242), because no one is heir to the living (2 Bla. 208), and because a limitation over to one's own heirs in a deed is void, leaving a reversion in the grantor. Mayes v. Kuykendall (Ky.) 112 S. W. 673; Glenn v. Holt (Tex. Civ. App.) 229 S. W. 684; Robinson v. Blankenship, 116 Tenn. (8 Cates) 394, 92 S. W. 854; Biwer v. Martin, 294 Ill. 488, 128 N. E. 518; Conrad v. Funnell, 106 Okl. 56, 232 P. 950; Nuckols v. Davis, 188 Ky. 215, 221 S. W. 507; Harris v. McLaran, 30 Miss. 533; Williams v. Green, 128 Miss. 446, 91 So. 39. See, also, Washburn on Real Property, Vol. 2, § 1525, p. 503.

■ The two donee statute (section 1190, Code 1880), in dealing with the common-law rule against perpetuities, permits a contingent ultimate limitation to the right heirs of the donor, either generally or specifically, but it does not change the common-law rule that a conveyance to one's own right heirs, like a deed without a grantee, is void, and that, when right heirs are designated as a class as such limitees, they take by descent and not by purchase, but, when they are named specifically as individuals, they take by purchase and not by descent.

■ Therefore, since the fee may be in abeyance, but always abides somewhere, either in possession or expectancy, 2 Bla. 107, and since there are no operative words of conveyance in the deed of 1882, Hall v. Hall, 66 Miss. 35, 5 So. 523, and no person designated to take the contingent ultimate remainder, and since at common law, which is unchanged by statute so far as right heirs are concerned, a conveyance to one's lawful heirs is not effective as such because they cannot take as individuals during the life of the donor, as before they can be designated as heirs they must look to an ancestor who is dead, it inexorably follows that the contingent ultimate reversion remained in the grantors at the date of the conveyance

and was released to the donees in possession by the deed of 1888. Hamilton v. City of Jackson, 157 Miss. 284, 127 So. 302.

The heirs of J. A. Townes and wife, not having taken by purchase any estate under the first deed, are effectually estopped by the second deed from claiming any interest in the land in controversy. It is apparent also that the intervening defendants are effectually cut off for the reasons heretofore given, to say nothing of the foreclosure proceeding in chancery which bars them also.

A reference to the authorities, so confidently relied upon by counsel, will disclose that an individual who happened to be an heir presumptive, and who turns out to be a right heir, may be designated as a contingent ultimate limitee under our two donee statute (section 1190, Code 1880), but will disclose no case where right heirs as such limitees in a deed are held to take by purchase and not by descent.

In Jordan v. Roach, 32 Miss. 481, there was a will to be construed. The court pointed out a well-settled distinction between a devise to one and the heirs of his body, with a limitation over on the death of the first taker without issue living at his death, and that of a devise to one and his heirs generally, with a limitation over, depending on the death of the first taker without issue living at his death. It was further stated that the heirs of the body of the devisee take by purchase and not by descent, but there is nothing in the case to indicate, and could be nothing in it deciding, that heirs generally, or right heirs of a grantor in a deed, take by purchase and not by descent.

Busby v. Rhodes, 58 Miss. 237, involved the construction of a will, in which there was a devise of an estate with limitation over, dependent upon the expiration of less than three lives in being and upon the dying of the holder of the particular estate without issue living at her death. The limitation by way of an executory devise was held to be good.

In Cannon v. Barry, 59 Miss. 303, the contest was between a purchaser of the life interest of the first donee and the children of the latter. There was no question as to whether the right heirs of the donor took by purchase or descent. However, there is a suggestion in that case that "children" in law is held to be a word of purchase, while "heirs of the body" are words of limitation.

In Halsey v. Gee, 79 Miss. 193, 30 So. 604, a clause in the will of Greenwood Leflore vested the fee simple to the Big Sand place in two devisees as tenants in common, with cross-remainders over, and, if both should die without issue, with an ultimate limitation to the devisor's son, John, and daughter, Rebecca. The court held that the death of one of the devisees, leaving issue, destroyed the ultimate limitation by making impossible the contingency upon which it was to take effect, with the result that the fee became absolute and unconditional instead of contingent. There is nothing in the case which throws any light on the question as to when contingent ultimate limitees take by purchase and when by descent.

In Middlesex Banking Co. v. Field, 84 Miss. 646, 37 So. 139, it was held that, in lieu of a contingent ultimate limitation over to the right heirs of the donor generally, a contingent third living donee, being also individually a right heir of the donor, who would take by purchase and not by descent, might validly be specifically designated in a conveyance containing a contingent limitation to that effect in the event of the death of both prior donees without issue.

In Henry v. Henderson, Ex'r, 101 Miss. 751, 58 So. 354, a devise of a contingent ultimate remainder in fee to "the nephews and nieces of Dr. Henry," as third donees by purchase, was upheld because the words used were descriptive of particular individuals who were also right heirs of the donor. If those identical persons had not been the right heirs of the donor, the two donee statute would have been violated.

The plaintiff is entitled to the relief sought, and a decree will be entered accordingly.