RICKS *et al. v.* RIDDELL.

(In Banc.   May 13, 1946.)

[26 So. (2d) 782.   No. 36204.]

**R. H. & J. H. Thompson** and **Fulton Thompson,** all of Jackson, for appellants.

**H. V. Watkins** and **R. C. Cannada**, both of Jackson, for appellee.

130

**Sydney Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a decree dismissing a bill of complaint by which the appellants sought to obtain the specific performance of a contract by the appellee to purchase a tract of land from them. The contract for the sale and purchase of the land recites that, "It is understood and agreed that the Sellers are to have a period of 30 days from and after the date hereof to tender to the Buyer a warranty deed with full and definite legal description of the property, in accordance with the terms of this contract and tender to the Buyer a fee simple and merchantable title to this property, and upon the tender of said merchantable title and warranty deed drawn in accordance with the contract herein, within said time, the said T. H. Riddell shall pay to the Sellers the full purchase price of said lands."

The appellants thereafter tendered the appellee a warranty deed to the land, which he declined to accept. They then filed this bill of complaint against the appellee for the specific performance of his contract of purchase,

tendering therewith their warranty deed to the land. The case was tried on bill, answer and agreed statement of facts.

The question presented is whether or not the deed tendered by the appellants would vest in the appellee, ''a fee simple and merchantable title to this property.''

The land was formerly owned by Mrs. Fannie R. Jones, who executed a deed thereto on the 14th day of July, 1913.[1]

---

[1] ''In Consideration of the love and affection which I bear for V. Q. Ricks and his wife, Louise Powell Ricks, and for their present and future children, if they shall have more, I, Fannie R. Jones, do hereby convey and warrant unto the said V. Q. Ricks and Louise Powell Ricks for and during their natural lives, with remainder in fee to Sarah Poindexter Ricks, their present child, and to any other child or children that may be begotten by the said V. Q. Ricks of the said Louise Powell Ricks, the following described lands in Madison County, State of Mississippi, towit:—. . .

''The said lands shall not be sold before the said child or children shall become 21 years of age, unless with the consent of the Chancellor in Vacation, or Chancery Court of said County, and if sold with such consent, the proceeds of such sale or sales shall be invested in the purchase of other lands or real estate, and the title thereto shall be taken in the name of said Sarah Poindexter Ricks and any other children that may be hereafter begotten and born as aforesaid, and it shall be the duty of the purchaser of the lands herein conveyed to see that said proceeds are so reinvested or he or they shall acquire no title to the said lands that he or they may purchase. The said V. Q. Ricks and Louise Powell Ricks shall not even convey, mortgage, or encumber their life estates in said lands unless with the consent of the Chancellor, or Chancery Court as aforesaid, and their said life estates in said lands shall never become responsible to any of their creditors or become liable for the debts of either of them. My intention being to preserve said lands, or the lands or real estate that may be purchased in Lieu of them as aforesaid, for the said Sarah Poindexter Ricks and for any other children that may be born and begotten as aforesaid, if any, in Fee Simple, after the Life Estates of the said V. Q. and Louise Powell Ricks have terminated. But if the said child, and any other children that may be begotten as aforesaid, should all die without issue before they do, then in such case the said V. Q. Ricks and Louise Powell Ricks and the survivor of them shall take the Fee Simple title to said lands, with all of the Rights of Conveyance and disposal, the same as any other owner of lands or real estate in fee, without limitation or restriction.

After the execution of this deed by Mrs. Jones, one other child, Fannie J. Ricks Hamlin, was born to V. Q. and Louise Powell Ricks. V. Q. Ricks died on the 23d day of November, 1945. His widow, Louise Powell Ricks, is still living, but the time has passed in which she could have a child by the said V. Q. Ricks.

The provision in Mrs. Jones' deed, prohibiting the sale of this land before Sara Poindexter Ricks and Fannie J. Ricks Hamlin became 21 years of age, may be left out of view, as they both have now passed that age.

That deed conveys (1) a life estate in the land to V. Q. and Louise Powell Ricks; (2) with remainder to Sara Poindexter Ricks and, as the event determined, to Fannie J. Ricks Hamlin; and (3) in event they should die without issue, then in fee simple to V. Q. and Louise Powell Ricks and the survivor of them; (4) restrains the alienation by V. Q. and Louise Powell Ricks of their life estate in the land; (5) in order "to preserve said land . . . for the said Sara Poindexter Ricks and, as the event determined, for Fannie J. Ricks Hamlin in fee simple after the life estates of the said V. Q. and Louise Powell Ricks have terminated."

After the death of V. Q. Ricks, Louise Powell Ricks executed a warranty deed to her two daughters, Sara Poindexter Ricks and Fannie J. Ricks Hamlin, the remaindermen, to "all of my right, title and interest, being

"Witness my signature and seal this the 14th day of July, 1913.
"(Signed)   Fannie R. Jones (Seal)
"State of Mississippi,
    "Madison County.
    "Personally appeared before me, Robert H. Powell, a Notary Public in and for the City of Canton, said County and State, The within named Fannie R. Jones, who acknowledged that she signed, sealed, and delivered the foregoing instrument of writing on the day and year therein mentioned as her act and deed.
    "Witnss my signature and official seal this the 14th day of July, 1913.
    "(Signed)   Robert H. Powell
                "Notary Public (Seal)."

a life estate, in and to,'' the land described in the deed executed by Mrs. Jones.

In support of the decree of the court below, the appellee says that the restraint in the deed executed by Mrs. Jones on the alienation by V. Q. and Louise Powell Ricks of the life estates conveyed to them in that deed, is valid, and therefore the deed from Mrs. Louise Powell Ricks to Sara Poindexter Ricks and Fannie J. Ricks Hamlin, the remaindermen, is void. With this we are unable to agree. Assuming, but for the purpose of the argument only, that this restraint on the alienation of this life estate is valid, under Crawford v. Solomon, 131 Miss. 792, 95 So. 686; Bratton v. Graham, 146 Miss. 246, 111 So. 353; and Ford v. Smith, 162 Miss. 138, 137 So. 482, the question then is, Does it apply to a sale of the life estate to the remaindermen?

The object which the grantor, Mrs. Jones, desired to accomplish by this restraint on the alienation of this life estate, that is, the preservation of the land for the remaindermen, will be accomplished in the most effectual way by the sale of the life estate to the remaindermen. Consequently, instead of running counter to the grantor's intention, this sale is in furtherance thereof, and therefore the restraint on the alienation of the life estate does not here apply.

This, however, does not result in the appellant's having a fee-simple title to the land. Because of the limitation over to Mrs. Louise Powell Ricks on the death of the remaindermen without issue, they have only a fee, determinable on the happening of the stated event; and should that event happen, the fee to the land will then vest in Mrs. Louise Powell Ricks. Under this limitation over, Mrs. Louise Powell Ricks has an executory interest in the land, which, under Sec. 831, Code of 1942, she has the right to convey. Alexander v. Richardson, 106 Miss. 517, 64 So. 217; 1 Tiff., Real Property (2d Ed.), 590. Her deed to the remaindermen, however, is expressly limited to her life estate, and therefore does not include this

executory interest. Consequently, the deed which the appellants offered to make to the appellee will not vest him with a fee-simple, merchantable title to the property.
Affirmed.