CRUMP *v.* PHELPS, et al.

In Banc. Nov. 28, 1949

No. 37248  (43 So. (2d) 105)

**H. C. Stringer** and **G. L. Martin,** for appellant.

Brunini, Brunini & Everett, for appellees.

**Roberds, J.**

Mrs. Crump, the appellant, by her bill in this cause, asserts she is the fee simple owner of a described tract of land under the terms of a will of Mrs. Mary Bullock Vick Phelps, or, if not by the will, then by virtue of a partition agreement executed by the four named beneficiaries in the will. Appellees contend she is not the fee simple owner but say she has only a life estate in the tract in question. The chancellor dismissed the bill and Mrs. Crump appeals.

The primary question is what title vested in appellant by that will under the facts of this case. These are the circumstances: The testatrix owned valuable real estate in Bolivar and Sharkey Counties, Mississippi, and in Louisville, Kentucky, and much personal property. The land in Sharkey County comprised what was known as the Nitta Yuma plantation, aggregating approximately four thousand acres, of which the tract in question, consisting of near one thousand acres, was a part.

At the time of the execution of the will, July 7, 1900, and at the date of the death of the testatrix, February, 1901, her only heirs at law consisted of her four children, namely, Nannie Phelps George, then married, with one child; Mary Phelps Piola Casseli, married with two children; Henry Vick Phelps, a son; and appellant, a daughter, both then unmarried. Later Mrs. Casseli had another child. Henry Vick Phelps married and had two children, both boys, one of whom predeceased his father without issue; the other survived his father. Appellant later married but had no issue, and there is an agreement in the record that at the time of the trial she was beyond the age possible to have issue. At the time of the trial all of the children of testatrix were dead except appellant. All of the grandchildren of testatrix above named, except the deceased child of Henry Vick Phelps, were then living, and are parties defendant to this suit. In other

words, this is a contest between appellant and her five nieces and nephews.

The will, after setting out a number of provisions not pertinent to the issues here involved, created a trust in the Nitta Yuma plantation for the benefit of the four named devisees, and the survivor or survivors of them, and the issue or issues of deceased devisees, to continue not longer than twenty years, but with the power in a majority of the trustees to terminate the trust at any time. Then appear these provisions:

"I devise and bequeath to my said daughters, Nannie Phelps George, Mary Phelps Piola Casseli and Ellen Bodley Phelps, and my son, Henry Vick Phelps, all the said real estate in this clause mentioned, subject however to the further restrictions in this clause hereinafter mentioned. But in the event of the death of either of my said daughters having no issue, then the share of such daughter in real estate referred to in this clause, shall be equally divided between my surviving daughters and son, and the issue of those who may have died, the said issue to take by representation the interest to which the deceased parent would have been entitled; . . . . In the event of the death of my said son, having no issue, then in such case the share of such son, in the real estate referred to in this clause, shall be divided equally between the surviving daughters and the issue of those who have died, the issue to take by representation in the interest to which the deceased parent would have been entitled; . . . ."

It is the contention of appellant that the quoted clauses of the will, under the facts here, vested in her a fee simple title to a one-fourth interest in the Nitta Yuma plantation. Appellees say she is vested only with a life estate. We construe these provisions as vesting in the named devisees a defeasible fee simple title—that is to say, a fee simple title subject to be divested, as to each devisee, upon her or his death without issue, pro-

vided there then be a surviving devisee or issue of deceased devisee, or both, in which case the surviving devisees and the issue of deceased devisees become vested with fee simple title to the estate given the deceased devisee, "the said issue to take by representation the interest to which the deceased parent would have been entitled . . . ". Sims v. Conger, 39 Miss. 231, 77 Am. Dec. 671; Armstrong v. Thomas, 112 Miss. 272, 72 So. 1006; 19 Am. Jur. pg. 672, Sec. 116, and pg. 580, Sec. 124. This means appellant is vested with a life estate in the Nitta Yuma plantation, and the appellees are vested, per stirpes, with a fee simple thereto subject to such life estate.

But ██ appellant seems to contend that the foregoing executory limitation over could not become effective unless the death of one of the children of testatrix occurred prior to her death. Section 837 Mississippi Code 1942 provides that, "Every contingent limitation in any . . . will made to depend upon the dying of any person . . . without issue . . . shall be held and interpreted as a limitation, to take effect when such person shall die not having such . . . issue . . . living at the time of his death, or born to him within ten months thereafter, unless the intention of such limitation be otherwise expressly and plainly declared on the face of the instrument creating it." The effect of that section, as applied to the terms of this will, is to contradict appellant's contention.

██ Appellant next says that the four children of testatrix, designated as devisees in the will, and the three executors therein, partited the Nitta Yuma plantation and that by virtue of such written partition she was vested with fee simple title to the part thereof claimed by her in this suit. The first agreement, executed May 20, 1901, appointed three arbiters, and conferred upon them the duty and power to have Nitta Yuma plantation divided into four parcels, as near equal in value as pos-

sible, and to appoint a third person to draw lots to determine the tract to which each devisee was entitled. This was done, appellant receiving the parcel claimed by her in this suit. On July 20, 1901, the four devisees executed to each other in writing a quitclaim to the respective tracts so allotted to each, and each took possession of such tract. As we understand, Mrs. Crump has remained in possession of her allotted acreage to date of this suit.. The other three children remained in possession of their allotments until their respective deaths, and, presumably, their children have been in such possession since the deaths of their parents. · However, these agreements served only to separate the use and income of the divided parcels. They did not, and could not, confer upon the respective grantees fee simple title to the purported shares for these reasons: First, they could not change the terms of the will; second, they did not purport to change such terms, for the arbitration agreement recited ''The title, however, to be vested subject to the provisions of the will of Mary Bullock Vick Phelps, deceased,'' and the partition agreement recited ''the said parties hereby quitclaim and convey subject to the provisions of said will'', and, third, the agreements could not affect the rights of appellees, especially since two of them were not then in esse, and the others appear to have been minors.

We have considered the other points raised by appellant and find them not well taken.

Affirmed.