HARPER, Justice.
The guardian ad litem of the four great grandchildren of A. F. Gardner, deceased, has appealed from the decree of the Chancery Court of Leflore County quieting and confirming title to certain property in the appellee, Joe L. Davidson. The suit involves the construction of a deed executed in 1910 by A. F. Gardner to his daughters, the pertinent portions thereof being as follows:
* * * I hereby convey and warrant unto Fannie Gardner, Delia Gardner, Josephine Gardner, Mary Gardner and Roberta Gardner * * * [the subject lands] for and during their natural lives * * * upon the death of each one of said children, the survivors are to inherit the share of the deceased sister, and upon the death of the last surviving sister, the fee simple title to said land is to then vest in the children then living of the said deceased sisters, said children to share said land equally. * * *

However, should all of said children die, without issue of their bodies, then at the death of the last surviving sister, the fee simple title to said land shall go to the brother or brothers, of the said sisters, then living. * * *
In 1934, A. F. Gardner executed another deed to the five daughters without any conditions, limitations or restrictions. The 1934 deed, conveyed to the five daughters, A. F. Gardner’s reversionary interest. See West Tenn. Co. v. Townes, 52 F.2d 764 (D.C.N.D.Miss.1931); Ricks v. Riddell, 200 Miss. 122, 26 So.2d 782 (1946). Mr. Gardner died in the year 1936 leaving his daughter, Fannie G. Parker, as his sole residuary devisee. A. F. Gardner was a widower at the time of his death and was survived by his five daughters and two of his sons. One of the life tenants, Fannie G. Parker, died in 1964 leaving as her residuary devisee Josephine Stratton Schneider, the daughter of Josephine Gardner Stratton, one of A. F. Gardner’s daughters and also the mother of Rebecca Parker Schneider, one of the appellants.
At the time the Davidson deed was executed, four of the five named daughters were living and there were three grandchildren and four great grandchildren. The brothers of the original life tenants are deceased and whatever interest they may have had was quitclaimed by their heirs to the four surviving daughters and their children.
The property has been conveyed to the appellee by the four surviving life tenants and the three grandchildren. Suit was filed to quiet and confirm title against all *789 unnamed and unknown persons and the four named great grandchildren.
After a full hearing and examination of all the pertinent deeds and instruments introduced into evidence, the chancellor determined that the minor great grandchildren of A. F. Gardner, the appellants, had no interest in the land and quieted and confirmed title to the property in appellee, Joe L. Davidson.
The guardian ad litem assigns as error the sole proposition that the chancellor erred in construing the deed and in decreeing that the great grandchildren had no interest in the property.
The Court is of the opinion that the assignment of error is not well taken, and, hence we affirm the decree of the chancellor for the reasons hereinafter stated.
A careful examination of the instrument discloses that the five daughters of A. F. Gardner were conveyed a life estate in the property in question, with the proviso that upon the death of each one of the sisters, the survivors were to inherit the share of such deceased sister. There was a further proviso that the fee simple title to said property would vest in the children then living of the said sisters upon the death of the last surviving sister, said children to share the land equally.
We are of the opinion that the portion of the deed which provides for the limitation over to the brother or brothers living at the time of the death of the last sister is of no effect in view of the fact that said brothers are deceased. However, any re-versionary interest was conveyed to the life tenants. Four of these women joined in the conveyance. The interest of the fifth life tenant was devised to Josephine Stratton Schneider, a possible remainder-man, who also joined in the conveyance. Ricks v. Merc. Nat. Bk. & Tr. Co., 191 Miss. 323, 2 So.2d 344 (1941).
The only possibility of the great grandchildren having an interest is if the use of the word “children” was meant to include more remote issue. The word “children” will be given its ordinary meaning of issue of the first degree unless the meaning is clearly broadened to include more remote issue. We do not think it was so used here. See Bridgforth v. Gray, 222 So.2d 670 (Miss.1969).
The terms of the conveyance disclose without qualification that the- fee simple title to the property had not vested and cannot vest in the children of the deceased sisters until all of the said sisters have died and there are children of said sisters who survive. Although this contingency has not yet occurred, we are of the opinion that the chancellor was correct in quieting and confirming title in fee simple in the appellee, Joe L. Davidson. The interest acquired by appellee under the terms of his deed is that of the surviving life tenants, the interest of the possible remaindermen, being the children of the life tenants, should one or more of them survive the last sister, the reversionary interest on failure of children, and the re-versionary interest on failure of issue. All of these contingencies have not been resolved, but the lower court could quiet and confirm title in fee simple in the appellee as all possible interests in this land are held by the appellee.
The Court is cognizant of its own ruling to the effect that titles should be quieted and confirmed, if at all possible. The limitation over, which contains the word “issue” and is the basis of this appeal, is of no effect as the contingent remainder-men brothers are deceased.
We therefore affirm the construction of said deed by the chancellor.
Affirmed.
GILLESPIE, P. J., and BRADY, PATTERSON and INZER, JJ., concur.